UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| FRIEDA AARON, et al., | ) |
| | ) |
| Plaintiffs, | ) Case No.: 1:16cv292 |
| | ) |
| vs. | ) Judge Michael R. Barrett |
| | ) |
| WEST CHESTER HOSPITAL, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on Plaintiffs' Motion to Remand to State Court (Doc. 6). Defendants West Chester Hospital, LLC and UC Health have filed a Response (Doc. 13). Defendant Allied World Specialty Insurance Company, f/k/a Darwin National Assurance Company ("Allied World") subsequently filed a Notice of Joinder in Removal (Doc. 18). For the reasons discussed below, Plaintiffs' Motion is **DENIED**.

**I.    BACKGROUND**

Defendants filed a Notice of Removal (Doc. 1) pursuant to the "mass action" provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d)(11). On February 9, 2016, Plaintiffs filed their Motion to Remand to State Court (Doc. 6). Defendants filed a Response in Opposition to Plaintiffs' Motion to Remand (Doc. 13).

This case is one of many lawsuits brought in relation to the alleged actions of Dr. Abubakar Atiq Durrani, M.D. On February 12, 2016, all of the civil actions alleging medical malpractice against Dr. Abubakar Atiq Durrani, M.D. were consolidated with *Daniel v. Durrani, et al.*, Case No. 1:16-cv-004, which is before Judge Timothy Black. However, because the

1

nature of this matter is a declaratory judgment action—separate and apart from the medical malpractice actions—this case was not consolidated with the others. Nonetheless, on February 10, 2016, this Court *sua sponte* stayed all briefing, except for briefing on Plaintiffs' Motion to Remand. Judge Black has since remanded all of the medical malpractice actions to state court, and the Sixth Circuit denied Plaintiffs' appeal, by law, because more than 60 days had passed since the appeal and no final judgment on the appeal had been issued. As such, the Court finds it is appropriate to decide Plaintiffs' Motion to Remand (Doc. 6) at this time.

## II. ANALYSIS

### A. Class Action Fairness Act

Defendants West Chester Hospital, LLC and UC Health's notice of removal asserted that removal was appropriate pursuant to the "mass action" provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(11). The removal of the consolidated actions before Judge Black sought removal based upon the same provisions of CAFA.

A "mass action" is removable if it meets the following requirements:

1. It involves the monetary relief claims of 100 or more persons that are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, see id. § 1332(d)(11)(B)(i);

2. The aggregate amount in controversy exceeds $5,000,000 and the claims of at least one plaintiff exceed the amount of $75,000, see id. §§ 1332(a), (d)(2),(d)(11)(B)(i); and

3. Any plaintiff is a citizen of a State different from any defendant, see id. § 1332(d)(2)(A).

28 U.S.C. § 1332(d)(11). In remanding the consolidated cases to state court, Judge Black rejected defendants' argument that the "claims of *individual* plaintiffs alleging *medical malpractice*, who filed distinct lawsuits, could be combined for the purpose of the 'civil action' requirement and/or the '100 or more persons' requirement. *In re Durrani Medical Malpractice*

*Cases*, 1:16-cv-00004-TSB (Doc. 15, PageID 734). Defendants make the same arguments in support of removal in this case and as such, the same conclusion is warranted. Accordingly, removal pursuant to CAFA is not appropriate. This, however, does not end the inquiry.

### B. Diversity Jurisdiction

Generally, complete diversity of citizenship must exist at the time of removal. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). "Diversity jurisdiction attaches only when all parties on one side of the litigation are of different citizenship from all parties on the other side of the litigation." *SHR Ltd. Partnership v. Braun,* 888 F.2d 455, 456 (6th Cir.1989). In this case, Allied World filed a Notice of Joinder in Removal (Doc. 18), asserting that in addition to removal being proper pursuant CAFA, removal was also proper based upon diversity of citizenship. 28 U.S.C. § 1332. Allied World also filed a Response in Opposition to Plaintiffs' Motion to Stay (Doc. 24) reiterating that this Court has traditional diversity jurisdiction over this case, notwithstanding that certain defendants are, like Plaintiffs, citizens of Ohio.

Allied World asserts that Plaintiffs in this action are citizens and residents of the State of Ohio or the Commonwealth of Kentucky. As for Defendants in this case, Allied World is a corporation organized under the laws of the State of Delaware and maintains its principal place of business in New York; Defendant Arch is a corporation organized under the laws of the State of Missouri and maintains its principal place of business in New Jersey; Defendant Axis is a corporation organized under the laws of the State of Illinois and maintains its principal place of business in Illinois; Defendant National Union is a corporation organized under the laws of the Commonwealth of Pennsylvania and maintains its principal place of business in New York; Defendant UC Health Assurance Company is a corporation organized under the laws of the Cayman Islands and maintains its principal place of business in the Cayman Islands; and UC

Health Alliance Company is a corporation organized under the laws of the Cayman Islands and maintains its principal place of business in the Cayman Islands.  However, Defendants West Chester Hospital, LLC and UC Health are both limited liability companies organized under the laws of the State of Ohio and they maintain their principal places of business in Ohio.  In addition, one or more of Defendant West Chester Hospital, LLC and Defendant UC Health's members are citizens of the State of Ohio.  As a result of Defendant West Chester Hospital, LLC and Defendant UC Health's citizenship, there ordinarily would not be complete diversity of citizenship between Plaintiffs, some of whom are citizens of Ohio, and Defendants.

Allied World argues that removal is appropriate nonetheless because Plaintiffs have tried to defeat diversity by fraudulently joining non-diverse parties – in this case, West Chester Hospital, LLC and UC Health.  Accordingly, Allied World argues the citizenship of Defendants West Chester Hospital, LLC and UC Health should be ignored altogether for purposes of determining this Court's subject matter jurisdiction over this case.

On May 25, 2016, the Court ordered Plaintiffs to supplement the record with respect to their position on the pending Motion to Remand (Doc. 25).  While this Court recognized that Plaintiffs may have colorable claims against the insureds in the underlying actions, more information was requested to determine whether an actual justiciable controversy had arisen, as Plaintiffs assert in their Complaint.

On June 6, 2016, Plaintiffs filed their Supplemental Record Regarding Position on Motion to Remand (Doc. 26).  The entirety of Plaintiffs' filing states as follows:

> Plaintiffs stand on their previously made arguments. Defendants have been rewarded for their delay tactics. If Defendants would have had to try the cases on the originally scheduled trial dates, Plaintiffs would have secured multiple judgments against Defendants. Defendants' insurance coverage throughout settlement negotiation has been an issue of contention as Defendants continue to misinterpret their policy limits and refuse to re-visit the issue even after Plaintiffs'

4

insurance expert provided his analysis, opinion, and interpretation. Defendants have been provided this opinion and the basis for it numerous times and refuse to acknowledge or refute it. Thus, resolution of this issue is material to resolving Plaintiff's claims.

### 1. <u>Fraudulent Joinder</u>

"Fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne,* 183 F.3d 488 at 493. Fraudulent joinder is a judicially created doctrine, providing an exception to the complete diversity requirement. *Id*. (citing *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998)). "[F]raudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action." *See Saginaw Hous. Comm'n v. Bannum, Inc*., 576 F.3d 620, 624 (6th Cir. 2009) (citing *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). To determine whether a defendant has been fraudulently joined, the Court must examine a plaintiff's claims against the non-diverse defendant and determine whether the allegations state a colorable basis for relief. *See Coyne,* 183 F.3d 488 at 493. If the allegations do not state a colorable basis for relief, the remedy for fraudulent joinder is dismissal of the claims against the non-diverse defendant. *Murriel-Don Coal Co., Inc. v. Aspen Ins. UK Ltd.*, 790 F.Supp.2d 590, 595 (E.D. Kentucky 2011).

In this case, Plaintiffs seek a Declaratory Judgment determining the scope of the insurance coverage available for Plaintiffs' claims. Defendants West Chester Hospital, LLC and UC Health are alleged to be the insureds under insurance policies issued by the remaining Defendants in this case. Pursuant to Ohio Revised Code § 2721.02(B):

> A plaintiff who is not an insured under a particular policy of liability insurance may not commence against the insurer that issued the policy an action or proceeding under this chapter that seeks a declaratory judgment or decree as to whether the policy's coverage provisions extend to an injury, death, or loss to person or property that a particular insured under the policy allegedly tortiously caused the plaintiff to sustain or caused another person for whom the plaintiff is a legal representative to sustain,

5

>until a court of record enters in a distinct civil action for damages between the plaintiff and that insured as a tortfeasor a final judgment awarding the plaintiff damages for the injury, death, or loss to person or property involved.

Plaintiffs' Complaint does not allege that Plaintiffs have obtained final judgments in the underlying lawsuits against the alleged tortfeasors – Defendant West Chester Hospital, LLC and Defendant UC Health. Plaintiffs' supplemental brief likewise does little to remedy this issue. Despite Plaintiffs' assertion that insurance coverage has been an issue of contention and that resolution of this issue is material to resolving Plaintiffs' claims, Plaintiffs do not explain how they presently have a colorable cause of action against West Chester Hospital, LLC and UC Health.

Upon examination of the Complaint, the Court finds that Plaintiffs have failed to establish a colorable basis under Ohio law for declaratory judgment against Defendants West Chester Hospital, LLC and UC Health. Plaintiffs do not allege they have obtained final judgment against the Defendants and thus, pursuant to Ohio Revised Code § 2721.02(B), are not entitled to a declaratory judgment as to the policies' coverage provisions at this time; Plaintiffs' action is premature. Accordingly, the Court finds that West Chester Hospital, LLC and UC Health were fraudulently joined to defeat diversity jurisdiction. Therefore, the claims against Defendants West Chester Hospital, LLC and UC Health are dismissed thereby making removal of this action permissible.

### C. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that:

1. Plaintiffs' Motion to Remand (Doc. 6) is **DENIED**;

2. The claims against Defendants West Chester Hospital, LLC and UC Health are **DISMISSED**;

6

3. Defendants West Chester Hospital, LLC and UC Health's Motion to Dismiss is **DENIED** as moot (Doc. 9); and

4. Plaintiffs' Motion to Stay Proceedings Pending Resolution of Plaintiffs' Motion to Remand is **DENIED** as moot (Doc. 22).

This matter shall be returned to the Court's active docket. Plaintiffs shall within twenty-one (21) days of the date of this Order respond to the following pending motions: 1) Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim by Defendant Arch Insurance Company (Doc. 7); and 2) Motion to Dismiss for Failure to State a Claim by Defendant Darwin National Insurance Company (Doc. 21).

**IT IS SO ORDERED.**

    s/*Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

7